Opinion by FORD, J. It was stipulated that the merchandise consists of hats, composed in chief value of ramie, "colored, not sewed, blocked, or trimmed," and that the hats contained in cases 1514, 1515, 1524, 1525, and 1527 were withdrawn from warehouse for consumption subsequent to November 17, 1951, that date when the rate of 25 cents per dozen and 12½ percent ad valorem was made applicable to said merchandise. The claim of the plaintiff was, therefore, sustained as to the merchandise contained in the above-numbered cases.

BEFORE THE THIRD DIVISION, JANUARY 27, 1955

No. 58731.—Rorstrand, Inc. v. United States, protests 194755–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those the subject of *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

No. 58732.—Juillard Fancy Foods Co. v. United States, protest 231764–K (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the articles herein are similar in all material respects to the mustard jars the subject of *Julliard Fancy Foods Co.* v. *United States* (33 Cust. Ct. 1, C. D. 1625), the claim of the plaintiff was sustained.

No. 58733.—Edmond J. Lang v. United States, protest 229253–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all

material respects to that the subject of *Transcontinental Seed, Inc. (Alltransport, Incorporated)* v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 58734.**—Transcontinental Seed, Inc., and Alltransport, Inc. v. United States, protests 232869–K and 235296–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc. (Alltransport, Incorporated)* v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiffs was sustained.

**No. 58735.**—J. L. Sclafani, Inc. v. United States, protest 235850–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of Pepato cheese similar in all material respects to that the subject of Abstract 42146, it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.

JANUARY 25, 1955

**No. 58736.**—Amity Silk Corporation v. United States, protests 195037–K and 195038–K. Plaintiff's application for rehearing granted.

BEFORE THE FIRST DIVISION, FEBRUARY 3, 1955

**No. 58737.**—S. E. Laszlo et al. v. United States, protests 237438–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that the merchandise and issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519). In accordance with stipulation of counsel and following the cited case, the protests were dismissed, and